**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Katherine Hale, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 5038 |
| | ) | |
| NCO Financial Systems, Inc., a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Katherine Hale, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Katherine Hale ("Hale"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt she owed to Bank of America, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, NCO Financial Systems, Inc., is a Pennsylvania corporation ("NCO") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in 33 states, including offices in the State of Illinois, Defendant NCO operates a nationwide debt collection business, and attempts to collect debts from consumers in every state, including consumers in the State of Illinois.  In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Hale.

5.      Defendant NCO is licensed to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, NCO conducts business in Illinois.

6.      Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Hale is a senior citizen, with limited assets and income, who fell behind on paying her bills, including one she owed to Bank of America.  When Defendant NCO began collection actions on that delinquent debt, Ms. Hale sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCO's collection actions.

8.      Accordingly, on April 16 and June 13, 2008, one of Ms. Hale's attorneys at LASPD told NCO, in writing, that Ms. Hale was represented by counsel, and directed NCO to cease contacting her, and to cease all further collection activities because Ms.

2

Hale was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of these letters are attached as Exhibits C and D, respectively.

9.      Nonetheless, on June 28, 2010, Defendant NCO called Ms. Hale's home, as well as her daughter's home, from phone number 918-280-0811, to demand payment of the Bank of America debt.

10.     Ms. Hale's attorneys at LASPD promptly reminded Defendant NCO on June 30, 2010, in writing, what it had told NCO two years ago -- that Ms. Hale was represented by counsel and that communications and collections had to cease.  Copies of this letter and fax confirmation are attached as Exhibit E.

11.     Undeterred, Defendant NCO repeatedly called Ms. Hale to demand payment of the debt, including, but not limited to, telephone calls on July 1, 2010, July 2, 2010 and July 19, 2010.

12.     Thus, on July 19, 2010, Ms. Hale's LASPD attorney had to send Defendant NCO another letter, demanding that it cease communications and cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.     Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letters from Ms. Hale's agent, LASPD, told Defendant NCO to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

18.     Defendant NCO's violations of § 1692c(c) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendant NCO knew that Ms. Hale was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant NCO to cease directly communicating with Ms. Hale.  By directly calling Ms. Hale, despite being advised that she was represented by counsel, Defendant NCO violated § 1692c(a)(2) of the FDCPA.

4

22.    Defendant NCO's violations of § 1692c(a)(2) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(b) Of The FDCPA --**
**Contacting Plaintiff's Family**

23.    Plaintiff adopts and realleges ¶¶ 1-14.

24.    Section 1692c(b) of the FDCPA prohibits a debt collector, absent express permission from the consumer, from communicating with any person other than the consumer.  Defendant NCO, by contacting Ms. Hale's daughter, without Ms. Hale's permission, violated § 1692c(b) of the FDCPA.

25.    Defendant NCO's violation of § 1692c(b) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Katherine Hale, prays that this Court:

1.    Find that Defendant NCO's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Hale, and against Defendant NCO, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Katherine Hale, demands trial by jury.

Katherine Hale,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 11, 2010

5

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com